In the Matter of WILLIAM L. CLAY, an Attorney at Law, Respondent.

Fourth Department, May 17, 1939.

*Daniel J. O'Mara, District Attorney,* for the petitioners.

*John J. McInerney,* for the respondent.

PER CURIAM. Respondent Clay moves for a reargument or for an order to correct the record and for leave to introduce newly-discovered evidence. Respondent claims that he was obliged to be absent on the last day of the hearing before the referee and that he was represented on that occasion by an attorney who had not previously attended the hearing before the referee; that the petitioners swore certain witnesses on said date and that his counsel was unable to cross-examine them owing to his ignorance of what had previously transpired; that his counsel requested the referee to give respondent an opportunity to cross-examine the said witnesses or to submit affidavits in rebuttal of their testimony and that the referee replied, " I have heard enough." Respondent's claim, in this respect, is based on the affidavits of his secretary and of the attorney who represented him on said hearing. No such request or statement is to be found in the stenographer's minutes and from the opposing affidavits submitted on this motion we are convinced that no such transaction occurred as claimed by the respondent. Respondent was accorded every opportunity

by the learned referee to present his defense. In fact the matter was reopened at the request of the petitioners on January 12, 1939, to introduce certain documentary evidence. Respondent was present and he and his clerk gave testimony before this court on that occasion. Moreover, on the motion to confirm the referee's report, respondent submitted a brief in opposition thereto and in neither instance did he claim that he had been deprived of the right to cross-examine petitioners' witnesses on the final hearing or to submit affidavits in rebuttal of their testimony. The testimony offered on the final hearing was quite immaterial and called for no rebuttal.

The newly-discovered evidence sought to be introduced by the respondent consists of a claim that Mr. Clyde, one of the petitioners, called upon respondent on April 17, 1939, and stated that he and his associates were very sorry for what had happened; that they never had any intention of harming the respondent and that it was not their wish that any disciplinary action be taken against him and that they wished to rectify any damage already done. Aside from the denial of this charge on the part of Mr. Clyde, the record contains the following: " The Referee: Now as to the other matters, I think I understand those. I hope you will not misunderstand me, but what you are seeking here is not an adjustment of your matters as an association among yourselves. What you are seeking here is the disbarment of Mr. Clay. That is what you are after, isn't it? Mr. Clyde: No, sir. The Referee: Well, that is what this proceeding is for. Mr. Clyde: Well, we are not seeking that. The Referee: That is what I am here for, is to hear a proceeding for the removal of Mr. Clay. Mr. Clyde: Well, in the order it states malpractice. The Referee: You will pardon me if I ask direct questions. What do you demand in your complaint? It is so long that I haven't read it. Mr. Clyde: Well, we just simply charge that the facts stated in the complaint form a basis for which we charge unprofessional conduct. The Referee: Well now, are you really seeking an adjustment of your affairs here all around, including your affairs with Mr. Clay, or are you bringing this proceeding to have Mr. Clay punished as an attorney? Mr. Clyde: Well, we complain that he should be disciplined. We are not seeking disbarment. We are not seeking any particular discipline. The Referee: Then you are seeking, you are asking the Appellate Division to discipline Mr. Clay for what he has done or failed to do in your proceeding? Mr. Clyde: Yes. The Referee: That is what you are after? Mr. Clyde: Yes."

We are convinced from a careful review of all the facts that the respondent's application for a reargument or for leave to amend

the record and to introduce newly-discovered evidence is without merit and should be denied in all respects.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNING-HAM and DOWLING, JJ.

Motion to reopen the hearing and to correct the record denied.